Filed 3/17/21  P. v. Trice CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078232 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD138014) |
| ALLEN TRICE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Jay Bloom, Judge.  Affirmed.

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2001, defendant Allen Trice was convicted inter alia of first degree special circumstance murder. On February 21, 2019, he filed a petition for resentencing pursuant to Penal Code[1] section 1170.95. On October 8, 2020, the trial court summarily denied the petition and Trice appealed. Unable to identify any arguable issues, appellate counsel has sought independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from this court's unpublished opinion in defendant's direct appeal, *People v. Allen Trice* (Nov. 7, 2001, D035246 [nonpub. opn.] (*Trice I*)), in which we affirmed the judgment other than to correct an error in the abstract of judgment.

On May 8, 1998, Abdinur Dahir was working as a taxicab driver in San Diego. He planned to attend his mosque with his sons for Friday prayer. Shortly after he called his wife to inform her that he was going to pick up their sons, defendant Allen Trice and codefendant Keith Williams[2] entered Dahir's cab. (*Trice I, supra*, D035246, at p. 1.) Williams sat in the front seat and defendant sat in the back seat. While traveling on the freeway, an altercation ensued between Dahir and Williams, leading Williams to shoot Dahir in the chest while defendant pulled at Dahir from behind, causing the cab to swerve on the freeway as testified to by other motorists. Defendant

---

[1] All further statutory references are to the Penal Code.

[2] Williams is not a party to this appeal.

and Williams left Dahir's body on the side of the freeway, and drove away in his cab. (*Id.* at p. 2.)

The medical examiner determined Dahir had been shot in the chest at close range, and had also sustained injuries to his forehead and neck, including a broken hyoid bone, consistent with strangulation. The medical examiner concluded Dahir's death was caused either by the gunshot wound alone, or in combination with strangulation. (*Trice I, supra*, D035246, at p. 2.)

As relevant here, the jury found defendant guilty of murder (§ 187, subd. (a)); and found true special circumstance allegations that Trice committed the murder during the commission of a carjacking, kidnapping, and robbery (§ 190.2, subd. (a)(17)). The jury further found true allegations that Trice was armed with a firearm in the commission of the carjacking and robbery. (§ 12022, subd. (a)(1).) (*Trice I, supra*, D035246, at p. 1.) The court sentenced defendant to prison for a term of life without the possibility of parole for the special circumstances murder, plus one year for the firearm enhancement. (*Ibid.*) The court stayed pursuant to section 654, subdivision (a) the sentences for the carjacking and robbery convictions and the accompanying firearm enhancements. (*Ibid.*)

On February 21, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. He alleged he had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and could not now be convicted of murder because of changes made to the law by Senate Bill No. 1437. The court in its October 8, 2020 order summarily denied defendant's petition, ruling, "The record shows Petitioner physically aided and abetted and was a direct participant in the murder."

3

As noted, appellate counsel has filed a brief based upon *Wende* and *Anders*. Counsel has summarized the facts and proceedings and includes citations to the record. He urges there are no contentions which, if found meritorious, would result in reversal or modification of defendant's judgment.

Counsel represents he has informed defendant of his right to file a supplemental brief on his own behalf and has provided defendant with a copy of the record on appeal. This court has also informed defendant of his right to file a supplemental brief. Defendant did not file a brief.

Counsel requests that pursuant to *Wende* and *Anders*, this court independently review the entire record to determine if there are any issues which, if resolved in favor of defendant, would result in modification or reversal of defendant's judgment. To assist us in this review, counsel has, pursuant to *Anders*, pointed us to the following possible issues: whether the trial court prejudicially erred in summarily denying defendant's petition for resentencing; and whether the procedural protections of *Wende* and *Anders* extend to his section 1170.95 petition. Finally, in the interest of justice counsel asks this court to conduct an independent review of the record.

## DISCUSSION

"In 2018, 'the Governor signed Senate Bill No. 1437 . . . in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill [No.] 1437 also added . . . section 1170.95, which created a [petition] procedure whereby a person whose felony murder conviction was final, but who could not have been convicted under the amended statutes,

4

could petition to have the conviction vacated.' [Citation.]" (*People v. Gomez* (2020) 52 Cal.App.5th 1, 11–12 (*Gomez*).)

Under section 1170.95, subdivision (c) a trial court presented with a facially valid petition must determine if the petition sets forth a prima facie case for relief. If it does, the court must then hold a hearing at which the prosecutor bears the burden to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing. If the prosecutor fails to meet this burden, the court must vacate the murder conviction and resentence the defendant on any remaining counts. (§1170.95, subds. (c) & (d).)

As the trial court here correctly noted, direct participants in a murder are not eligible as a matter of law for relief under section 1170.95. (See *Gomez*, *supra*, 52 Cal.App.5th 1, 14–15 [concluding the trial court properly denied the defendant's section 1170.95 petition to vacate her 2009 murder conviction without holding an evidentiary hearing because the record of conviction established, as a matter of law, that the defendant was ineligible for relief under this statute because in "finding the robbery and kidnapping special circumstance allegations true, the jury necessarily found that [the defendant] either participated in the alleged robbery and kidnapping with the intent to kill [the victim], or that she was a major participant in those crimes who acted with reckless indifference to [the victim's] life," citing § 1170.95, subd. (a)(3)].)

We have fully and independently examined the record and conclude that there are no other issues which, if resolved favorably to defendant, would result in reversal or modification of his judgment; and that defendant has been represented by competent counsel in this appeal.

5

DISPOSITION

The order of the trial court denying defendant's section 1170.95 petition for resentencing is affirmed.


BENKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.